# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT INC., d.b.a. INTEGRATED SPORTS MEDIA,<br><br>    Plaintiff,<br><br>    v.<br><br>DANNY RODRIGUEZ, d.b.a. PABLITO'S PERUVIAN KITCHEN, *et al.*,<br><br>    Defendants. | CV 19-02110 TJH (PLAx)<br><br>Order<br>and<br>Judgment<br>JS-6 |

    The Court has considered Plaintiff Innovative Sports Management, Inc., d.b.a. Integrated Sports Media's ["Innovative"], renewed motion for default judgment and motion to dismiss its remaining claims, together with the moving papers.

    Innovative holds the exclusive United States commercial distribution rights to the *Peru v. Iceland, International Friendly Soccer Game* ["the Soccer Game"], which was broadcasted nationwide on March 27, 2018.

    On March 19, 2019, Innovative filed this action, alleging that Defendants Danny Rodriguez, d.b.a. Pablito's Peruvian Kitchen ["Rodriguez"], and Punks Pizza Garage, Inc., d.b.a. Pablito's Peruvian Kitchen ["Punks"], displayed the Soccer Game,

without a license, at Pablito's Peruvian Kitchen ["Pablito's"], the restaurant owned by Punks, of which Rodriguez is president. The complaint alleged four claims: (1) Unauthorized interception of satellite communications, in violation of 47 U.S.C. § 605; (2) Unauthorized reception of cable communications, in violation of 47 U.S.C. § 553; (3) Conversion; and (4) Violation of California's unfair competition law, Cal. Bus. and Prof. Code § 17200, *et seq*.

Rodriguez and Punks have never appeared in this action. On July 12, 2019, the Clerk of Court entered their defaults.

On August 12, 2019, Innovative, unsuccessfully, moved for default judgment.

Innovative, now, renews its motion for default judgment with respect to its conversion claim and, also, moves to dismiss its remaining claims.

**Default Judgment**

When reviewing this motion for default judgment, the Court must consider the following factors: (1) The possibility of prejudice to Innovative; (2) The merits of Innovative's substantive claim; (3) The sufficiency of the complaint; (4) The sum of money at stake; (5) The possibility of a dispute concerning material facts; (6) Whether Rodriguez's and Punks' defaults were due to excusable neglect; and (7) Federal policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Regarding the first factor, the possibility of prejudice to Innovative is high because if this motion is denied it will have no alternative recourse for its claims. *See Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005) (citing *Eitel*, 782 F.2d at 1471-72).

Regarding the second and third factors, the Court must accept the factual allegations in the complaint regarding liability as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). To prevail on a conversion claim, Innovative must allege: (1) That Innovative owned or had the right to possess the property at issue; (2) Wrongful disposition of the property right by Rodriguez and Punks; and (3) Damages.

*See Tyrone Pac. Intern. Inc. v. MV Eurychilli*, 658 F.2d 664, 666 (9th Cir. 1981).

Innovative alleged that it owns the exclusive nationwide commercial license to distribute the Soccer Game; that Punks was the owner and operator of Pablito's; that Rodriguez was president of Punks; that Rodriguez directed or permitted Pablito's employees to exhibit the Soccer Game, or exhibited the Soccer Game himself; and that the Defendants exhibited the Soccer Game at Pablito's without a license from Innovative. Those alleged facts are sufficient to establish liability for Innovative's conversion claim.

Regarding the fourth factor, Innovative requested $750.00 in damages for its conversion claim. Innovative provided evidence that Rodriguez and Punks would have had to pay a licensing fee of $750.00 to lawfully display the Soccer Game, which is the proper measure of damages for a conversion claim, pursuant to Cal. Civ. Code § 3336.

Regarding the fifth factor, there is little possibility of a dispute concerning the material facts of this case. The Court must accept the factual allegations in the complaint regarding liability as true, and Rodriguez and Punks failed to oppose this motion. *See Geddes*, 559 F.2d at 560.

Regarding the sixth factor, it is unlikely that the inaction of Rodriguez and Punks was due to excusable neglect. They have never participated in this action.

Regarding the seventh factor, although federal policy favors decisions on the merits, all other *Eitel* factors weigh in favor of granting default judgment against Rodriguez and Punks.

**Damages**

Innovative sought $750.00 in conversion damages. Generally, upon default, the facts alleged in the complaint, except those facts relating to the amount of damages, are taken as true. *See Geddes*, 559 F.2d at 560. Pursuant to Cal. Civ. Code § 3336, damages for conversion are based on the property's value at the time of the conversion. Innovative provided affidavits to support its damages claim. The affidavit of investigator John Valentino stated that he observed the Soccer Game being displayed

on multiple screens at Pablito's on March 27, 2018. Valentino estimated that the maximum capacity of the restaurant was 50 people. The affidavit of investigator Mario Galvez stated that he observed the Soccer Game being displayed on multiple screens at Pablito's on March 27, 2018. Galvez estimated that the maximum capacity of the restaurant was 60-70 people.

Innovative, also, submitted an affidavit from its president, Doug Jacobs, which set forth the licensing fee schedule for the Soccer Game. For a venue with a capacity of 1 to 50 people, the licensing fee was $750.00, and for a venue of 50 to 100, the licensing fee was $1,000.00. Consequently, because Innovative seeks $750.00 in compensation, it has established its conversion damages.

**Costs**

Innovative requested 14 days, post-judgment, to submit its requests for costs. Costs should be awarded pursuant to 28 U.S.C. § 1920.

**Dismissal of Remaining Claims**

Federal Rule of Civil Procedure 15(a) is the appropriate vehicle to withdraw an individual claim. *See, e.g., Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 697-88 (9th Cir. 2005). Under Fed. R. Civ. P. 15(a)(2), Innovative may amend its complaint with the opposing party's consent or leave of Court. Here, Innovated moved to dismiss its remaining claims. There is no reason for the Court to deny leave. Fed. R. Civ. P. 15(a)(2).

Accordingly,

𝔍𝔱 𝔦𝔰 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that the motion for default judgment be, and hereby is, 𝔊𝔯𝔞𝔫𝔱𝔢𝔡 as to the conversion claim.

𝔍𝔱 𝔦𝔰 𝔣𝔲𝔯𝔱𝔥𝔢𝔯 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that the remaining claims be, and hereby are, 𝔇𝔦𝔰𝔪𝔦𝔰𝔰𝔢𝔡.

**It is further Ordered, Adjudged, and Decreed** that judgment be, and hereby is, **Entered** in favor of Plaintiff Innovative Sports Management, Inc., d.b.a. Integrated Sports Media, and against Defendants Danny Rodriguez, d.b.a. Pablito's Peruvian Kitchen, and Punks Pizza Kitchen, Inc., d.b.a. Pablito's Peruvian Kitchen, jointly and severally, in the amount of $750.00.

**It is further Ordered** that Innovative may submit a Bill of Costs to the Clerk of Court within 14 days of this Order and Judgment.

Date: August 27, 2021

Terry J. Hatter, Jr.
Senior United States District Judge